# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GCM PARTNERS, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:20-cv-06401 |
| v. | ) ) | |
| HIPAALINE LTD., a limited company of England and Wales, and EMILY ARIDA FISHER, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFF'S EMERGENCY MOTION TO MODIFY PRELIMINARY INJUNCTION

Plaintiff GCM Partners, LLC ("GCM") hereby respectfully request that this Court modify and clarify the scope of the Opinion and Order dated November 23, 2020 (the "Injunction") to immediately enjoin and restrain Defendant Emily Arida Fisher ("Fisher") directly or indirectly, individually and by operation of any corporate entity owned or controlled by her, from (a) disabling, suspending, or otherwise removing GCM's access to the Leafwell platform; (b) replacing GCM's third-party payment processor, Bluepay, with its own payment processor and collecting patient payments from the Leafwell platform; (c) violating any other provision of the Agreement; and (d) working as an officer, agent, servant, employee, or affiliate of any entity that provides medical marijuana services in the United States. In support of this Motion, GCM states as follows:

1. On October 29, 2020, GCM filed Plaintiff's Emergency Motion for Temporary Restraining Order against Defendants Hipaaline Ltd. ("Hipaaline") and Fisher (collectively, the "Defendants").

2. On November 23, 2020, this Court entered an Opinion and Order expressly prohibiting only Hipaaline from (a) disabling, suspending, or otherwise removing GCM's access to the Leafwell platform; (b) replacing GCM's third-party payment processor, Bluepay, with its own payment processor and collecting patient payments from the Leafwell platform; and (c) violating any other provision of the Exclusive Marketing and Consultant Services Agreement. (*See* Dkt. No. 26.) However, pursuant to Federal Rule of Civil Procedure 65, Hipaaline's officers, agents, servants, employees, and attorneys are also bound by the Injunction, as are other third parties who are "in active concert or participation" with the enjoined party or any of its officers, agents, servants, employees, and attorneys.

3. Fisher, desperately seeking a loophole to escape the constrains of the Injunction, ultimately, took matters into her own hands by transferring Hipaaline's assets to a newly-formed corporation owned entirely by Fisher, Online MD, Ltd. Concurrently, Fisher placed Hipaaline into a formal insolvency procedure in the United Kingdom.[1]

4. As a direct result of Fisher's misconduct, GCM has completely lost all access to the Leafwell platform and its payment processing service. In addition, Fisher has begun to directly solicit GCM's independent contractors to work for Leafwell in violation of Section 5.5 of the Agreement. (*See, e.g.*, Dkt. 57, at ¶ 5, 10.)

5. In sum, Fisher has shut down Hipaaline and attempted to devise a scheme to violate all three prohibitions outlined in the Injunction without acting directly on behalf of Hipaaline.

6. Fisher likely assumes her actions do not constitute a violation of the Injunction because Hipaaline may not have directly violated the Injunction, and because Fisher was not expressly prohibited from engaging in the enjoined activity under the Injunction.

---

[1] It remains to be seen how Hipaaline could possibly be insolvent given that it has been receiving record-breaking revenues month after month from GCM.

7. However, Federal Rule of Civil Procedure 65(d)(2) indicates that an injunction is binding upon "the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) <u>the parties' officers, agents, servants, employees, and attorneys</u>; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. Pro. 65(d)(2). As discussed in Plaintiff's Second Supplement in Support of Its Emergency Motion for Issuance of Rule to Show Cause (Dkt. No. 62) (the "Second Supplement"), Fisher is personally bound to the Injunction given her role as the Chief Executive Officer and Managing Partner of Hipaaline.

8. Fisher was therefore also personally prohibited from directly or indirectly (a) disabling, suspending, or otherwise removing GCM's access to the Leafwell platform; (b) replacing GCM's third-party payment processor, Bluepay, with another payment processor and collecting patient payments from the Leafwell platform; and (c) violating any other provision of the Exclusive Marketing and Consultant Services Agreement.

9. Likewise, pursuant to Rule 65 and as explained in the Second Supplement, third parties are banned from working in active concert or participation with parties to circumvent injunction orders.

10. Should this Court merely enjoin Online MD, Fisher could simply leverage U.K. law to do this again and again with other entities. Because of that fact, GCM requests that this Court modify the injunction to bar Fisher individually and through her corporate officer positions from working as an officer, agent, servant, employee, or affiliate of any entity other than GCM that provides medical marijuana services in the United States. While GCM understands and appreciates the breadth of this request, it is made *only* to prevent Fisher from continuing this shell game and her obvious attempts to circumvent this Court's orders and authority. This is also

consistent with the exclusivity provision of the Agreement in which Hipaaline is barred from employing and engaging non-GCM-affiliated physicians and health care providers to promote the Leafwell platform. (*See* Dkt. 1-2 at p. 6.)

**WHEREFORE**, for the reasons set forth above, Plaintiff GCM Partners, LLC respectfully requests that this Court modify and clarify its November 23, 2020 Order and Opinion and enjoin Defendant Emily Fisher, directly or indirectly, individually and by operation of any corporate entity owned or controlled by her from (a) disabling, suspending, or otherwise removing GCM's access to the Leafwell platform; (b) replacing GCM's third-party payment processor, Bluepay, with another payment processor and collecting patient payments from the Leafwell platform; and (c) violating any other provision of the Agreement; and (d) working as an officer, agent, servant, employee, or affiliate of any entity that provides medical marijuana services in the United States. In addition, Plaintiff GCM Partners respectfully requests that this Court require Defendant Emily Fisher, individually and by operation of any corporate entity owned or controlled by her, to comply with the Court's November 23, 2020 Opinion and Order, *instanter*, by:

> (a) restoring GCM's access to the Leafwell platform and associated accounts,
>
> (b) restoring GCM's independent contractors' access to the Leafwell platform, and
>
> (c) restoring the connection between the Leafwell platform and Bluepay.

Finally, Plaintiff GCM Partners respectfully requests that this Court award GCM all attorneys' fees and costs associated with this Motion and any associated proceedings; award a sanction against Fisher individually in the amount of $10,000 per day (the amount that GCM estimates it is currently losing as a result of Fisher's flouting of this Court's orders); and grant such further relief as the Court deems just and proper.

Respectfully submitted,

**GCM PARTNERS, LLC**

By:   /s/ *Trisha M. Rich*
      One of Its Attorneys

Trisha M. Rich (ARDC No. 6288544)
Lisa M. Kpor (ARDC No. 6316953)
Holland & Knight LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
312-263-3600
Trisha.Rich@hklaw.com
Lisa.Kpor@hklaw.com