IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GCM PARTNERS, LLC, an Illinois limited liability company, ) ) ) *Plaintiff*, ) ) v. ) ) HIPAALINE LTD., a limited company of England and Wales, and EMILY ARIDA FISHER, ) ) ) ) ) *Defendants*. ) | Civil Action No. 1:20-cv-06401 JURY TRIAL DEMANDED |

**PLAINTIFF'S RENEWED MOTIONS REQUESTING REVISION OF THE COURT'S OPINION AND ORDER OF APRIL 19, 2021**

Plaintiff, GCM Partners, LLC ("GCM"), hereby moves to request revision of the Court's Opinion and Order issued on April 19, 2021 [Dkt. 089], by renewing Plaintiff's Emergency Motion for Issuance of Rule to Show Cause and a Finding of Contempt [Dkt. 057, 058, 062] and Plaintiff's Emergency Motion to Modify Preliminary Injunction [Dkt. 063] based on evidence not in existence at the time of ruling.

**INTRODUCTION**

On April 19, 2021, the Court issued its Opinion and Order [Dkt. 089] denying GCM's Emergency Motion for Issuance of Rule to Show Cause and a Finding of Contempt [Dkt. 057] and GCM's Emergency Motion to Modify Preliminary Injunction [Dkt. 063]. Specifically, the Court declined to extend successor liability to Fisher's new entity, Online MD Ltd., due to a concern the impact of such a ruling would have on Hipaaline's creditors. To address that concern, GCM has escrowed funds which

would cover the maximum amount of recovery available to any and all creditors of Hipaaline. Accordingly, GCM respectfully requests that the Court revise its ruling of April 19 to extend successor liability to Online MD Ltd.

## LEGAL STANDARD

GCM incorporates by reference the legal arguments made in its Second Supplement in Support of its Emergency Motion for Issuance of Rule to Show Cause and a Finding of Contempt [Dkt. 062].

## BACKGROUND

On April 17, 2021, just prior to the Court's ruling of April 19 (hereafter, "Order"), the U.K. insolvency administrators handling the Hipaaline Ltd. insolvency issued their AM03 Notice of Administrator's Proposals, a filed and complete copy of which is attached hereto as Exhibit A (hereafter, "NAP"). The NAP, for all intents and purposes, is the administrators' initial status report of the insolvency proceeding. The NAP reveals several things.

First, it provides an accounting of fees and expenses incurred as of the date of the NAP; that total is £50,827.59. Ex. A, p. 6. Second, it corroborates the testimony heard by this Court that Hipaaline Ltd.'s ("Hipaaline") assets were purchased by Fisher and/or Online MD Ltd. ("Online MD") for £100,000.00. Id., p. 9, sec. 5.2. Third, it corroborates the testimony heard by this Court that Fisher and/or Online MD agreed to make an initial payment of £20,000.00 and monthly payments of £8,000.00 to the administrators in furtherance of satisfying the £100,000.00 balance. Id. Fourth, the administrators expect that the total fees, expenses, and

taxes incurred in the insolvency will exceed the total purchase price of £100,000.00, thereby leaving an estimated balance of -£2,911.00 left for creditors. Id., p. 33. Fifth, the administrators' fee, expense, and tax estimates reflect the effort expected in an ordinary administration, one that would not require "further investigations" or "exceptional work". Id., p. 40.

On September 10, 2021, the administrators filed an AM10 Notice of Administrator's Progress Report, a copy of which is attached as Exhibit B ("Progress Report"). It contains several relevant details complimenting the aforementioned facts. First, it provides a revised accounting of fees and expenses incurred as of the date[1] of the Progress Report. As of August 23, 2021, the total fees and expenses incurred are £85,592.03.[2] Ex. B, p. 14. Second, it updates the total payments received in furtherance of the £100,000 asset-purchase price—the administrators have received £68,000, leaving £32,000 to be repaid (four payments of £8,000 each). Id., pp. 4, 10. Third, it states that *no creditor claims have been received against the Hipaaline estate. Id., p. 11.*

Despite this bleak outlook for Hipaaline's creditors, and the complete absence of creditor claims altogether, GCM has deposited funds with an escrow agent, Trowers & Hamlins LLP ("Trowers"), in order to alleviate the Court's concern over the impact a successor-liability ruling could have on any creditors. GCM has

---

[1] The date range for the Progress Report is 2/24/2021 through 8/23/2021. Ex. B, p. 2.

[2] Administrators' times costs (£44,478.50) plus expenses (£40,843.53) equal £85,592.03. *Id.*, p. 14.

deposited £5,359.97 with Trowers pursuant to an escrow agreement between the two parties.[3]

As explained in the NAP, the Progress Report, and escrow agreement ("Escrow Agreement"), the actual expenses and fees incurred (excluding the HMRC taxes) as of the date of the Progress Report were £85,592.03.  Ex. A, p. 6; Ex. B, p. 14; Ex. C-1, p. 1.  That total including the HMRC taxes[4] is £94,640.03.  Therefore, because payment of the taxes and the administrators' fees and expenses comes out of the £100,000.00 and must be paid before any creditors are paid,[5] the largest aggregate recovery that any creditor or creditors could obtain is £5,359.97 (assuming no further fees or expenses are incurred after the date of the Progress Report).

## ARGUMENT

In its Order, the Court declined to extend successor liability to Online MD because it found good cause to do so due to the risk that such a ruling would "upend the priorities of competing creditors".  [Dkt. 089], p. 19.  The Court continued by commenting: "As even Fisher must acknowledge, under ordinary circumstances, Online MD's continued operation of the Leafwell business presents a strong case for binding Online MD to the injunction."  *Id.*, p. 20.  GCM seeks to alleviate the Court's

---

[3]   *See* Affidavits of Dr. George Gavrilos and Dan Butler, attached hereto as Exhibit C and Exhibit D, respectively.  The escrow agreement is attached to each affidavit as Exhibit C-1 and Exhibit D-1, respectively.

[4]   Ex. A, p. 12, 33; Ex. B, p. 4.

[5]   Enterprise Act 2002, Schedule 16 (Schedule B1 to Insolvency Act 1986), para. 99.

concern over the rights of Hipaaline's creditors by having placed cash in escrow to cover any creditor claims that may arise in the U.K. insolvency proceeding.

The Escrow Agreement guarantees payment to creditors up to £5,359.71 and will pay any creditor claims in the event that the administrators' total fees and expenses do not exceed the amount of those claims. Ex. C-1, p. 3. The Escrow Agreement gives GCM *no discretion* in terms of whether a payment must be made to a creditor; if there is a claim, GCM must agree to release funds. *Id*. Given these protections, the high likelihood that the administrators have incurred further fees and expenses since August 23, 2021, the high likelihood that Fisher and/or Online MD have continued to make the £8,000.00 payments since August 23, and the fact that no creditor claims have been made since the insolvency began in February, the escrowed funds are more than sufficient to protect the recovery rights of Hipaaline's actual and potential creditors.

By ensuring payment in an amount well beyond what the administrators reasonably expect to recover for the benefit of creditors, GCM contends there is no longer a reason for the Court to decline to extend successor liability to Online MD. Accordingly, GCM respectfully requests that the Court revise its Order to bind Online MD to the injunction.

**WHEREFORE**, for the reasons set forth above, Plaintiff, GCM Partners, LLC, respectfully requests that this Court grant its Renewed Motions Requesting Revision of the Court's Opinion and Order of April 19, 2021, and renews portions of the prayers for relief set forth in its Emergency Motion for Issuance of Rule to Show Cause and a

Finding of Contempt [Dkt. 057, 058, 062] and Plaintiff's Emergency Motion to Modify Preliminary Injunction [Dkt. 063], and grant modified requests for relief, as follows:

(i) issue a rule to show cause against Online MD Ltd., as successor to Hipaaline Ltd., and Emily Fisher and a finding of civil contempt;

(ii) order Fisher and Online MD Ltd., as successor to Hipaaline Ltd., to comply with the Court's Opinion and Order of November 23, 2020, *instanter*, by:

   a. restoring GCM's access to the accounts referenced in Paragraph 2 of Dkt. 057;

   b. restoring GCM's independent contractors' access to the Leafwell platform as referenced in Paragraph 2 of Dkt. 057; and

   c. restoring the connection between the Leafwell Platform and Bluepay as referenced in Paragraph 3 of Dkt. 057.

(iii) order Fisher and Online MD Ltd., as successor to Hipaaline Ltd., to cease all operation of the Leafwell business and the Leafwell platform until they fully comply with the Court's Opinion and Order of November 23, 2020, and until they fully comply with any order favorable to GCM issued by this Court in response to these renewed Motions;

(iv) enter a fine or sanction against Online MD Ltd., as successor to Hipaaline Ltd., for $10,000 per day for each day since February 24, 2021, that it has failed to comply with the Court's Opinion and Order of November 23, 2020;

(v) enter a conditional fine or sanction against Online MD Ltd., as successor to Hipaaline Ltd., for $10,000 per day for each day that it fails to comply with a ruling by this Court on these renewed Motions should the ruling be favorable to GCM;

(vi) enter an order that Fisher, as a corporate officer of Online MD Ltd., a) provide a full accounting to GCM of all financial activity of Leafwell beginning on 12:01 a.m. GMT on February 24, 2021, to date (with an ongoing obligation to supplement) and b) place all revenues received by Fisher and/or Online MD Ltd. since 12:01 a.m. GMT in escrow pending resolution of GCM's renewed Motions and/or Fisher and Online MD Ltd.'s compliance with the orders of this Court;

(vii) award GCM all lost revenues since February 24, 2021, to which it is entitled pursuant to the contract between GCM and Hipaaline which is the subject of this litigation; and

(viii) grant such further relief as the Court deems just and proper.

    Respectfully submitted,

    **GCM PARTNERS, LLC**

    By: /s/ *Trisha M. Rich*
        One of Its Attorneys

Trisha M. Rich (ARDC No. 6288544)
Lisa M. Kpor (ARDC No. 6316953)
Holland & Knight LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
312-263-3600
Trisha.Rich@hklaw.com
Lisa.Kpor@hklaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on **November 17, 2021**, she caused the foregoing **Plaintiff's Motion Requesting Revision of the Court's Opinion and Order of April 19, 2021,** to be electronically filed with the Clerk of the United States District for the Northern District of Illinois by filing through the CM/ECF system, which served a copy upon counsel of record.

*/s/ Trisha M. Rich*