# EXHIBIT 3

to Revised First Amended Complaint
-- Mraunac Declaration

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GCM PARTNERS, LLC, an Illinois limited liability company, ) ) ) Plaintiff, ) ) v. ) ) ONLINE MD LTD., a limited company of ) England and Wales; and EMILY ARIDA FISHER, ) ) ) Defendants. ) | Civil Action No. 1:20-cv-06401<br><br>Hon. Lindsay C. Jenkins<br><br>JURY TRIAL DEMANDED |

## **DECLARATION OF JONATHAN M. MRAUNAC**

I, Jonathan M. Mraunac, state that I am competent to testify to the matters in this declaration, and that I have based my representations in this declaration upon my personal knowledge, and if called to testify, I would state voluntarily as follows:

1. I have been an Illinois-licensed attorney since November 2007. I have been consistently employed as an attorney since that time.

2. On June 1, 2020, I joined GCM Partners, LLC ("GCM Partners") as Chief Operating Officer and General Counsel.

3. As described in GCM Partners' Revised First Amended Complaint ("Complaint") in the above-captioned matter, GCM Partners and Hipaaline Ltd. entered into an Exclusive Marketing and Consultant Services Agreement ("Agreement"), a true and correct copy of which is attached to the Complaint.

4. As the business relationship between GCM Partners and Hipaaline began to deteriorate, I became involved in the dispute.

5.  After receiving Martin Carroll's letter of October 16, 2020 ("Purported Termination Notice"), I authored and sent letters to Mr. Carroll (on October 19, 2020) and to Emily Arida Fisher (on October 22, 2020). Copies of those letters are attached hereto as **Exhibit A**.

6.  On October 23, 2020, in response to Mr. Carroll's request for a telephone conference, I spoke with Mr. Carroll by telephone. During that telephone conference, Mr. Carroll confirmed beginning on November 1, 2020, his clients, Hipaaline and Fisher, did indeed intend to eliminate GCM Partners' access to the Leafwell platform and disable GCM Partners' payment processor, Bluepay. Mr. Carroll's statements during this conference confirmed Fisher's prior statements made to Dr. George Gavrilos to that effect. I considered Mr. Carroll's statements to constitute anticipatory repudiations of the Agreement by Hipaaline.

7.  I declare under penalty of perjury that the foregoing statements are true and correct.

**FURTHER DECLARANT SAYETH NOT.**

DocuSigned by:

*Jonathan Mraunac*  3/20/2024
—2F801E39CA884BB...
Jonathan M. Mraunac                  Date

DocuSign Envelope ID: AA907947-597B-49BF-909E-C1C0F658CFC0

# EXHIBIT A

to Mraunac Declaration
-- Letters

DocuSign Envelope ID: AA907947-597B-49BF-909E-C1C0F658CFC0

# Fox Swibel

Fox, Swibel, Levin & Carroll, LLP
www.foxswibel.com ▪ 312.224.1200
200 W Madison St, Ste 3000
Chicago, IL 60606

Martin B. Carroll
mcarroll@foxswibel.com

direct 312.224.1230

October 16, 2020

**Via email (ggavrilos@leafwell.co and jmraunac@gcmp.us) and overnight delivery**

GCM Partners, LLC
c/o George Gavrilos
835 N. California Ave, Apt. 3
Chicago, IL 60622

**Re: Notice of Breach of Contract and Termination**

Mr. Gavrilos:

Our firm represents Hipaaline, LLC. This letter shall constitute notice that GCM Partners, LLC is in material breach of the Exclusive Marketing and Consulting Services Agreement between Hipaaline and GCM Partners, LLC, effective October 1, 2019 (the "Agreement"). Consequently, Hipaaline hereby terminates the Agreement effective immediately.

Hipaaline has become aware that GCM Partners engaged a direct competitor of Hipaaline to provide services that are substantially similar, if not identical, to those for which GCM Partners contract Hipaaline to provide on an exclusive basis. Such conduct is a material breach of the Agreement under Illinois law. Hipaaline would not have entered into the Agreement with GCM Partners without the guarantee of exclusivity. As you are aware, Section 5.6 of the Agreement states as follows:

> Exclusivity. Company hereby grants Consultant, during the Term of this Agreement, **the exclusive right**, at all bricks-and-mortar locations of Company, including at any new locations Company may create or acquire during the Term of this Agreement, to provide the Marketing and Consultant Services related to Company's medical cannabis practice. **To that end, Company (or its employees, officers, or owners) shall not engage any other consultant, contractor, employee, or other person or entity to perform any service that competes, directly or indirectly, with the scope of the Marketing and Consultant Services, or invest in a business or entity that does same.**

George Gavrilos
GCM Partners, LLC
October 16, 2020
Page 2

The importance of the Agreement's exclusivity provision to Hipaaline's business cannot be overstated. In fact, it is mentioned in the very title ("Exclusive Marketing and Consultant Agreement) and again in the recitals.

Furthermore, GCM Partners is in breach of the representation made in Section 7.5(b) stating that: "As of the Effective Date and currently, Company operates its clinics in compliance with all applicable state and federal corporate and health care rules and regulations, including with respect to corporate practice of medicine rules, licensure rules, and telemedicine guidelines."

Hipaaline has become aware that GCM Partners contracts with providers where it is billing for and receiving payments for services in multiple states in apparent violation of state corporate practice of medicine rules. This conduct constitutes a material breach of the Agreement. Hipaaline takes very seriously its obligations to operate in compliance with the law – and partner with companies that share this sentiment – and would not have entered into the Agreement had it known about GCM Partners' failure to operate in compliance with legal requirements. Additionally, GCM Partners' misrepresentation regarding the legality of its operations poses an unfair risk of reputational harm to Hipaaline.

Hipaaline hereby demands that, as of the date of this notice, GCM Partners (i) immediately cease to use Hipaaline's intellectual property, including but not limited to marketing and advertising materials, name, tradenames, trademarks, service marks, logos, and, specifically, the "Leafwell MD" or "Leafwell M.D." names; (ii) immediately return or destroy all Confidential Information of Hipaaline in its possession and provide written certification to Hipaaline of such return and/or destruction.

Please contact me should you have any questions or concerns regarding this notice.

Sincerely,

Martin B. Carroll

# GCM PARTNERS

**GCM Partners**
835 N. California Ave, Unit 3
Chicago, IL 60622

**t**: 734.657.4212
**e**: jmraunac@gcmp.us

October 19, 2020

<u>Via E-mail</u>

Martin B. Carroll
Fox Swibel
200 W. Madison St., Suite 3000
Chicago, IL 60606
mcarroll@foxswibel.com

      Re:      Response to HIPAALINE Notice of Termination of October 16, 2020

Dear Mr. Carroll:

Please be advised that I represent GCM Partners, LLC ("GCM") as General Counsel relative to the above-captioned matter. Kindly direct all future communication regarding the same to my attention.

I am in receipt of your letter of October 16 captioned "Notice of Breach of Contract and Termination" (hereafter, "Notice"). To avoid confusion, I want to clarify that by identifying "Hipaaline, LLC" as your client, you actually meant HIPAALINE Ltd. ("HIPAALINE"), the party which entered the Agreement with GCM. Please advise.

With respect to the Notice's claims, GCM disagrees that it has breached the Agreement in any manner whatsoever. GCM considers the Agreement to be in full force and effect, as it has been since its execution, and expects HIPAALINE to fully abide by its terms. HIPAALINE has anticipatorily repudiated the Agreement by: vetting payment processors to replace Bluepay (GCM's current processor); Emily Fisher's statement to Lewis Jassey on October 18 that she intends to replace Bluepay on October 19; Ms. Fisher's admission to Dr. Jassey on October 18 that she had communicated with GCM providers to solicit them to sign new independent-contractor agreements with HIPAALINE to see patients on Leafwell's platform; and wrongfully terminating the Agreement via your Notice.

If HIPAALINE replaces Bluepay and/or engages any providers directly, GCM will file an emergency application for a temporary restraining order seeking a prohibitive injunction enjoining the same.

During a telephone conversation between Dr. George Gavrilos, Dr. Steven Salzman, and Ms. Fisher on October 18 concerning settlement negotiations, Ms. Fisher committed to providing GCM with a counteroffer in response to GCM's of October 13 by the end of business CST on October 21. GCM looks forward to timely receiving both that proposal and written assurance from HIPAALINE that it does not intend to breach the Agreement as forecasted by the aforementioned anticipatory repudiations.

Sincerely,

Jonathan Mraunac
Chief Operating Officer
General Counsel

**GCM PARTNERS**

GCM Partners
835 N. California Ave, Unit 3
Chicago, IL 60622

**t**: 734.657.4212
**e**: jmraunac@gcmp.us

October 22, 2020

<u>Via E-mail and FedEx International Economy</u>    <u>Via E-mail</u>

HIPAALINE Ltd.                Martin B. Carroll
c/o Emily A. Fisher            Fox Swibel
20-22 Wenlock Road            200 W. Madison St., Suite 3000
London, England N1 7GU        Chicago, IL 60606
efisher@leafwell.co            mcarroll@foxswibel.com

Re:    Notice of HIPAALINE's Material Breach of Contract

Dear Ms. Fisher:

Please be advised that HIPAALINE Ltd. ("HIPAALINE") has materially breached the Exclusive Marketing and Consultant Services Agreement ("Agreement") by contracting directly with healthcare providers.

GCM Partners, LLC ("GCM") has learned that HIPAALINE has engaged two providers, Drs. Walter Nyabere and Takayoshi Kakiuchi, who have evaluated patients on the Leafwell platform in Minnesota and Pennsylvania, respectively. HIPAALINE's direct engagement of these providers violates Section 5.6 of the Agreement. As exclusivity is fundamental to the spirit of the Agreement, this violation constitutes a material breach of the Agreement.

GCM provides HIPAALINE with the opportunity to cure this material breach by cancelling any agreements, written or oral, with Drs. Nyabere and Kakiuchi and referring them to Dr. Gavrilos so they can enter independent-contractor agreements with GCM in accordance with the Agreement. HIPAALINE is granted until October 26 at 5:00 p.m. CST to cure and inform GCM of the same.

Additionally, per my letter to Mr. Carroll of October 19, HIPAALINE has not provided written assurance against its anticipatory repudiations. Should HIPAALINE fail to deliver that assurance by the above-referenced cure deadline, GCM will consider those anticipatory repudiations to be material breaches as well.

Lastly, your personal solicitation of Dr. Lewis Jassey (the most recent instance of which occurred today) to enter an independent-contractor agreement with HIPAALINE is an anticipatory repudiation of the Agreement. Kindly provide written assurance against the same by October 26.

Sincerely,

Jonathan Mraunac
Chief Operating Officer
General Counsel